IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. Nos. 7:22-620-HMH |
| | ) | 7:23-747-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Amber Kirby, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Defendant Amber Kirby's ("Kirby") pro se "motion for reconsideration" based on "post-sentencing rehabilitation programming," which the court construes as motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons below, the court denies her motion.

I. BACKGROUND

On October 17, 2023, Kirby pled guilty to three counts of mail fraud, in violation of 18 U.S.C. § 1341, in case 23-747. (23-747 Guilty Plea, ECF No. 26.) At sentencing, the court imposed an 18-month sentence in case 23-747, and a 10-month revocation sentence for violating probation for her prior wire fraud conviction in 22-620, to run consecutively and to be followed by a three-year term of supervised release. (23-747 J., ECF No. 35; 22-620 J., ECF No. 16.) Kirby did not appeal her conviction and sentence.

On October 8, 2024, Kirby filed the instant motion for compassionate release in both of her criminal cases. (Mot. Sentence Reduction, ECF No. 17 (22-620) & ECF No. 38 (23-747).) She requests that the court compassionately release her because she has completed nine

---

[1] Kirby references 18 U.S.C. § 3742(e). However, Kirby never appealed her sentences. Thus, any motion under § 3742(e) is "procedurally improper." United States v. Shaffer, Cr. Act. No. 2:21-cr-000762023 WL 2871658 (4th Cir. Apr. 10, 2023) (unpublished).

1

educational classes during her incarceration.  (Id., ECF No. 17 (22-620) & ECF No. 38 (23-747).)

## II. LEGAL FRAMEWORK

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The compassionate-release statute, however, authorizes a court to reduce a defendant's sentence if, after considering the 18 U.S.C. § 3553(a) factors, it finds that (1) "extraordinary and compelling reasons" warrant a reduction and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A).

The "applicable policy statement[]" reiterates the statutory requirements, with the additional requirement that the defendant not be "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(a)(2); see also U.S.S.G. Supp. to App. C, Amend. 814, Reason for Amendment (effective Nov. 1, 2023) ("extend[ing] the applicability of the policy statement to defendant-filed motions").  The policy statement then enumerates six categories of "extraordinary and compelling reasons" that may justify compassionate release: (1) the defendant's medical circumstances, (2) the defendant's advanced age, (3) the defendant's family circumstances, (4) the defendant's status as a "victim of abuse," (5) any other reasons that are "similar in gravity" to the first four categories, and (6) certain changes in law if the defendant has served ten years of an "unusually long sentence" and the "change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(1)-(6).  Under the policy statement, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" but "may be considered

in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

At the final step of the compassionate-release analysis, the court considers the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," deter crime, protect the public from the defendant's future criminal conduct, and provide the defendant with needed "correctional treatment"; (3) "the kinds of sentences available"; (4) the Guidelines sentencing range; (5) certain policy statements issued by the Sentencing Commission; (6) "the need to avoid unwanted sentence disparities among" similarly situated defendants; and (7) the need for victim restitution. Id. § 3553(a).

### III. Discussion

Kirby argues that her sentence should be reduced because she has participated in nine educational classes during her incarceration. (Mot. Sentence Reduction, ECF No. 17 (22-620) & ECF No. 38 (23-747).) Her efforts toward rehabilitation, while commendable, cannot serve as a stand-alone basis for a sentence reduction. 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").[2] Thus, Kirby has failed to show any extraordinary and compelling reasons to warrant a sentence reduction.

---

[2] Kirby's reliance on Pepper v. United States, 567 U.S. 476 (2011), is also unavailing. The Supreme Court held in Pepper that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." Id. at 481. Kirby's sentences have not been set aside on appeal and the cases have not been remanded for resentencing.

*Second*, even if Kirby could show extraordinary and compelling reasons warranting relief, the court would still deny her motion because the applicable § 3553(a) factors weigh strongly against compassionate release. Kirby is a serial fraudster. She committed the instant offense while on probation for a prior wire fraud conviction in which she defrauded her then employer of $85,934.90. (Presentence Investigation Report ("PSR") ¶ 25.) In the instant offense, she stole $73,568.50 from her subsequent employer. (Id. ¶ 20.) Kirby's prior conviction did not deter her from continuing criminal conduct and her criminal conduct resulted in significant financial losses. Reducing her sentence would not "reflect the seriousness of [her] offense," "promote respect for the law," "provide just punishment," or "afford adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)-(B); see also United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who ha[ve] already served the lion's share of their sentences").

In denying Kirby's motion, the court recognizes that she has undertaken educational opportunities during her incarceration. (Mot. Sentence Reduction, ECF No. 17 (22-620) & ECF No. 38 (23-747).) While the court applauds Kirby for any strides she has made towards rehabilitation, her efforts do not alter the court's conclusion that her 18-month sentence in 23-747 and 10-month consecutive revocation sentence in 22-620 remains "sufficient, but not greater than necessary," to achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a).

## IV. Conclusion

For the foregoing reasons, Kirby's motion to reduce, docket numbers 17 (22-620) and 38 (23-747), is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 16, 2024

## NOTICE OF RIGHT TO APPEAL

Kirby is hereby notified that she has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.